**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 11 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ARIK BENNETT,

　　　　Plaintiff-Appellant,

　　v.

MARK BRNOVICH, Attorney General; *et al.*,

　　　　Defendants-Appellees.

No.　22-16386

D.C. No. 2:20-cv-01945-SPL

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
Stephen P. Logan, District Judge, Presiding

Submitted June 11, 2024[**]

Before:　WALLACE, FERNANDEZ, SILVERMAN, Circuit Judges.

Arik Bennett appeals from the district court's dismissal, under the case

screening process pursuant to 28 U.S.C. § 1915(e)(2), of the 42 U.S.C. § 1983

unlawful arrest claim against Defendant Detective Gerardo Sandoval and the

---

[*]　This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]　The panel unanimously concludes this case is suitable for decision without oral argument.　*See* Fed. R. App. P. 34(a)(2).

arresting officers ("Doe Defendants") for failure to state a claim.[1] We have jurisdiction pursuant to 28 U.S.C. § 1291.

We review *de novo* dismissals pursuant to 28 U.S.C. § 1915(e)(2)(B). *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order).

As the parties are familiar with the factual and procedural history of this case, we need not recount it here. We reverse.

1. The district court erred in dismissing the unlawful arrest claim against Detective Sandoval. "A claim for unlawful arrest is cognizable under § 1983 as a violation of the Fourth Amendment, provided the arrest was without probable cause or other justification." *Dubner v. City & Cnty. of San Francisco*, 266 F.3d 959, 964 (9th Cir. 2001). "Probable cause for a warrantless arrest arises when the facts and circumstances within the officer's knowledge are sufficient to warrant a prudent person to believe that the suspect has committed an offense." *Lingo v. City of Salem*, 832 F.3d 953, 960 (9th Cir. 2016). "The facts must be such that a prudent person would conclude that there was a 'fair probability' the individual committed the crime." *Id.* at 960. "As a predicate to section 1983 liability, each public official must integrally participate in the unlawful seizure[]." *Reynaga Hernandez v. Skinner*, 969 F.3d 930, 941 (9th Cir. 2020).

---

[1] Detective Sandoval filed a Notice of Intent Not to File an Answering Brief. Dkt. 17.

In *Reynaga Hernandez*, we held that a defendant who ordered the plaintiff to be "picked up," resulting in the plaintiff's unlawful stop and detention, was an "integral participant" for purposes of a Fourth Amendment claim under section 1983. 969 F.3d at 942. Here, Bennett sufficiently alleged that Defendant Sandoval was an integral participant of Bennett's arrest by alleging that "[t]he Doe Defendants seized and arrested [Bennett], *at the direction and order of Sandoval . . . .*" As alleged, Defendant Sandoval was certainly "more than a mere bystander," *id.* at 941, given that Bennett's arrest was a "reasonably foreseeable consequence," *id.* at 942, of his order.

Bennett further alleged that Detective Sandoval knowingly relied on an untrustworthy informant for the statement that Bennett knew the phones he obtained were fraudulent, and that, absent the informant's statement, the remaining observations by law enforcement were consistent with legal electronic buyback and trading of electronics. Such allegations support an inference that Detective Sandoval ordered Bennett arrested without probable cause. Accordingly, we reverse the district court's dismissal of the unlawful seizure claim against Detective Sandoval.

2. The district court erred in dismissing the unlawful arrest claim against the Doe Defendants. The district court found Bennett's allegations against the Doe Defendants insufficient because Bennett did not specify what each defendant failed

3

to do. But Bennett alleged that the Doe Defendants arrested him without probable cause. Although "as a general rule, the use of 'John Doe' to identify a defendant is not favored . . . . where the identity of the alleged defendant is not known prior to the filing of a complaint, the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds." *Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999). It is certainly possible that Bennett would uncover the identities of the arresting officers through discovery.

As for dismissal on other grounds, the district court erred in holding that Bennett failed to state an unlawful arrest claim against the Doe Defendants. In doing so, the district court found that the First Amended Complaint (FAC) made no allegations that the Doe Defendants knew the search warrant lacked probable cause. But whether there was probable cause for the search is a different inquiry than whether the Doe Defendants had probable cause for the arrest. *Compare United States v. Grubbs*, 547 U.S. 90, 95 (2006) ("Probable cause [for a search] exists when 'there is a fair probability that contraband or evidence of a crime will be found in a particular place'") *with Reynaga Hernandez*, 969 F.3d at 938 (probable cause for an arrest "must be based on reasonably trustworthy information sufficient to warrant a prudent person in believing that the accused had committed

4

or was committing an offense").  That is because "[t]he critical element in a reasonable search is not that the owner of the property, or in this case the person, to be searched is suspected of crime."  *Bill v. Brewer*, 799 F.3d 1295, 1301 (9th Cir. 2015) (quotation marks and citation omitted).  "Rather, probable cause to search . . . concerns the connection of the items sought with crime and the present location of the items."  *Id.*

As stated above, Bennett alleged Detective Sandoval ordered the Doe Defendants to arrest him.  "When there has been communication among agents, probable cause can rest upon the investigating agents' collective knowledge."  *Garcia v. Cnty. of Merced*, 639 F.3d 1206, 1211 (9th Cir. 2011) (internal quotation marks omitted).  Having concluded, however, that Bennett sufficiently alleged that Detective Sandoval lacked probable cause to order the arrest because of his reliance on an untrustworthy informant, it logically follows that the Doe Defendants cannot rely on Detective Sandoval's knowledge as a basis for probable cause.  Furthermore, "although a police officer is entitled to rely on information obtained from fellow law enforcement officers, this in no way negates a police officer's duty to reasonably inquire or investigate these reported facts."  *Mendocino Envtl. Ctr. v. Mendocino Cnty.*, 192 F.3d 1283, 1293 n.16 (9th Cir. 1999) (internal citations omitted).  Liberally construing the FAC in Bennett's favor, Bennett has sufficiently alleged that the Doe Defendants did not have

5

probable cause to arrest him based on Detective Sandoval's order.

**REVERSED.**